MARCUS, Judge.
This is a suit by Lease Service, Inc., a Louisiana corporation with its offices at *123 Berwick, La., against two former employees, Mr. and Mrs. William W. Hay-good. The corporation is engaged in the business of operating oil and gas wells for owners and lessees. Mr. Haygood was employed as general manager and Mrs. Hay-good as secretary-bookkeeper.
Shortly before the close of the fiscal year in 1966, the corporation paid bonuses in the amount of $12,000 each to Mrs. Sybil Donahoe, President; Jerry D. Donahoe, Secretary-Treasurer; William W. Hay-good, general manager. Mrs. Mary Ann Haygood, secretary-bookkeeper received a $9,000 bonus. After the fiscal year ended on September 30, 1966, the corporation’s auditors closed out the books and met with its officers on November 29, 1966 to discuss the financial affairs of the corporation. Present at this meeting were Jerry Donahoe and Mr. and Mrs. William Hay-good. Mrs. Sybil Donahoe was ill and did not attend. The auditors advised them that the payment of such sizable bonuses had caused the corporation to show an operating loss for the fiscal year ending September 30, 1966 and recommended that each of the parties return two-thirds of the amount which they had received as bonuses. Plaintiff corporation contends that all parties agreed to comply with the recommendations of the auditors and in accordance therewith Mrs. Donahoe and Jerry Donahoe returned $8,000 each to the corporation on January 11, 1967. However, defendants Mr. and Mrs. Haygood refused to do so and their services were terminated! Suit was then instituted by plaintiff corporation to compel defendants to comply with their alleged agreement. The defendants denied that they had ever agreed to return the money. The trial court concluded that the defendants had agreed to return the funds and accordingly rendered judgment in favor of plaintiff and against defendants for the sum of $14,000, representing two-thirds of the sum of the bonuses received by them, together with legal interest and costs. From this adverse judgment, defendants have taken a suspensive appeal to this Court.
The sole issue presented for our determination is whether plaintiff corporation and defendants entered into an oral contract on November 29, 1966 whereby defendants obligated themselves to return to plaintiff corporation two-thirds of the bonuses which had been previously paid to them.
Mrs. Sybil Donahoe testified that since the death of her husband in 1962, she has been employed by plaintiff corporation in the capacity of President, purchasing agent and public, relations officer; She indicated that Lease Service, Inc., had paid yearly bonuses in the past but only after the books had been closed and the matter had been discussed with the auditors. However, in the instant case, on September 2, 1966 the corporation paid bonuses in the amount of $12,000 each to Jerry Donahoe, Mr. William Haygood and herself and $9,000 to Mrs. Mary Ann Haygood. She further testified that these bonuses were paid on the advice of Mr. Haygood who informed her that he and his wife had reviewed the books and had concluded that the corporation was in a position to pay the aforesaid amounts. She further indicated’ that when the fiscal year ended on September 30, 1966, the auditors picked up the books, took them to New Orleans to perform the audit, and returned on November 29, 1966. She was ill on the day they returned and did not attend the meeting but was informed that the auditors had indicated that the bonuses paid were excessive and recommended that they each return to the corporation two-thirds of the amount which they had received. She further testified that she later spoke to the Haygoods who agreed to return their portion of the bonuses in accordance with the recommendations of the auditors. Mrs. Donahoe did, in fact, return her portion of the bonus or $8,000 to the corporation on January 11, 1967.
Mr. Jerry Donahoe testified that he was Secretary-Treasurer of plaintiff corporation as well as operational supervisor. He confirmed the testimony of his mother, Mrs. Donahoe, that the bonuses paid on *124 September 2, 1966 had been made based upon the recommendations of Mr. Hay-good. He indicated that he was present at the meeting with the auditors on November 29, 1966 at which time they strongly urged that each party return two-thirds of the bonuses which had been paid. He testified that all parties present at the meeting agreed to put back the portion of their bonuses as suggested by the auditors. He testified that the auditors further recommended that the funds be returned within a reasonable length of time but would be listed on the audit report as a receivable under an account labeled “loans due from officers” until they were paid. Mr. Donahoe also did, in fact, return his portion of the bonus or $8,000 on January 11, 1967.
Mr. George H. Giraud, Jr., Certified Public Accountant, was employed by C. Weiss & Company who were the auditors for plaintiff corporation. He testified, by way of deposition, that after examining the corporate books at the conclusion of the fiscal year ending September 30, 1966, he discovered that the corporation had paid bonuses for that year as previously set forth. This resulted in the corporation showing a loss and he was fearful of the income tax consequences. He testified that on November 29, 1966, he met with Jerry Donahoe and Mr. and Mrs. Haygood and all parties agreed that the bonuses would be reduced to $4,000 each for Mrs. Donahoe, Jerry Donahoe and William Haygood and to $3,000 for Mrs. Haygood. He further indicated that Jerry Donahoe had stated that his mother would agree to any decision made at the meeting. He testified further that the parties agreed to return the payments promptly to the corporation; however, he had indicated that the audit report for the year would reflect the excessive payments as “amounts due from officers”. The annual report of Lease Service, Inc., dated September 30, 1966 was introduced into evidence. It contained an item listed as “Due From Officers, Etc., $31,770.28” and underneath this caption was the wording “Represents the total of amounts due from company officials and others at the closing date.” He testified that this included the $30,000 which the parties had agreed to return, namely, $8,000 from Mrs. Donahoe, $8,000 from Jerry Donahoe, $8,000 from William Hay-good and $6,000 from Mrs. Mary Ann Haygood.
Mr. Raymond N. Jaufre, an auditor employed by C. Weiss & Company, indicated, by way of deposition, that he was also present at the meeting of November 29, 1966 at which time the question of the excessive bonuses was discussed. He testified that all parties agreed to return two-thirds of the bonuses which they had received during the fiscal year ending September 30,1966.
Mary Ann Haygood testified that she had been employed by plaintiff corporation as secretary-bookkeeper from 1961 to January, 1967. She indicated that she had received a $9,000 bonus on September 2, 1966. She admitted being present at the November meeting with the auditors at which time Mr. Giraud recommended that portions of the bonuses be returned to the corporation for tax purposes; however, she denied that there was an agreement to do so. The “payroll ledger sheets” of William W. Haygood and Mary Ann Haygood for 1966 were introduced into evidence. Mrs. Haygood admitted on cross-examination that she had prepared these documents and had lined through and changed in her own handwriting the bonus entry of her husband from $12,000 to $4,000 and her own bonus entry from $9,000 to $3,000. Her explanation was that she did this to protect Mrs. Donahoe “taxwise” but was unable to explain how this would assist in that direction. Furthermore, she admitted that on the date her services were terminated she typed the W-2 forms for her husband and herself which reflected her husband’s wages at a figure $8,000 less than he had actually received that year and her wages at $6,000 less than she had received. She further admitted that these were the exact amounts which the auditors *125 had suggested that they return to the corporation. Her explanation for this was that she was extremely upset at the time and was fearful that the corporation would not get them out in time. However, she testified that she and her husband had later received corrected W-2 forms from plaintiff corporation which reflected wages which included the entire bonus payments.
William W. Haygood testified that he was employed by plaintiff corporation as general manager from 1963 until January, 1967. He indicated that he received a $12,000 bonus in 1966. He admitted being present at the November meeting when the auditors recommended that portions of the bonuses received be returned to the corporation; however, he denied that he had agreed to put back any portion thereof.
After carefully reviewing the record, we conclude, as did the trial judge, that defendants did agree to return to plaintiff corporation two-thirds of the bonuses which they had received during the fiscal year ending September 30, 1966. While the testimony of the Donahoes and the Haygoods is in complete conflict as to the alleged agreement, we are impressed with the testimony of the auditors who testified that the defendants agreed to return the money. Their testimony is supported by the annual report which reflects their understanding of the alleged agreement by including the amount of the reduced bonuses in the account labeled “Due From Officers, Etc.” It should be further observed in this connection that the said auditors were no longer employed by plaintiff corporation at the time of the trial. We find it further significant that Mrs. Haygood had reduced the bonus entries on the “payroll ledger sheets” of her husband and herself in the exact amounts that plaintiff alleges they agreed to return to the corporation. We also find it significant that Mrs. Haygood typed out her husband’s and her own W-2 forms which reflected wages at the exact reduced amounts that plaintiff alleges they agreed to return to the corporation. Mrs. Haygood’s explanation for her actions in each case was unconvincing.
Furthermore, we are ever mindful that the trial judge heard and saw the witnesses and his finding of fact should not be disturbed in the absence of manifest error on his part. We find no such error here. To the contrary, we are in agreement with the trial judge’s findings of fact.
For the foregoing reasons, we affirm the judgment of the lower court at appellants’ costs.
Affirmed.